Dewey, J.
Had this been an indictment for selling intoxicating liquors to be carried away, and not for a sale of them to be used on the premises of the seller, the objection taken to the omission in the indictment to negative any license, on the part of the defendant, to sell intoxicating liquors, “ for mechanical and medicinal purposes,” might have been a fatal one. But it is not so in a case like the present. This indictment alleges a sale of intoxicating liquors by the defendant, to be used in and about his dwelling-house. Such a sale is not within the provisions of the second section of the statute of 1850, c. 232, authorizing a license to sell intoxicating liquors for mechanical and medicinal purposes. That statute provides for a license to sell “ in a less quantity than twenty-eight gallons, and that delivered and carried away all at one time.” By the previous statute, spirituous liquors could be legally sold, if twenty-eight gallons were delivered and carried away, all at one time. The statute of 1850, c. 232, authorized a sale of liquors to be carried away in less than twenty-eight gallons, if sold for mechanical or medicinal purposes; but it left in full force the provisions of the Rev. Sts. c. 47, imposing a penalty for selling liquors to be used about the premises of the vendor. A sale of intoxicating liquors for such purposes is not embraced within the statute of 1850, c. 232; and it is not necessary, therefore, in an indictment alleging a sale of intoxicating liquors to be drank in or about the premises of the vendor, particularly to negative a license to sell for mechanical or medicinal purposes; but the allegation used in the present indictment, as to not being licensed, is sufficient.

Exceptions overruled.